IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED IN OPEN COURT
DATE: 3/1/23
TIME: 2:18 pm
INITIALS: JPW

**UNITED STATES OF AMERICA,**
**Plaintiff,**

**v.**

**MARCO SABILLON URBINA,**
**Defendant.**

**Case No. 2:23-I-00004**
23-20038-SHL

---

**PLEA AGREEMENT**

---

The following constitutes the Plea Agreement reached between the UNITED STATES, represented by KEVIN G. RITZ, United States Attorney for the Western District of Tennessee, and SCOTT P. SMITH, Assistant United States Attorney, and the defendant, MARCO SABILLON URBINA, represented by LESLIE I. BALLIN and ADRIAN VIVAR-ALCALDE, defense counsel.

1. MARCO SABILLON URBINA agrees:

   a. to waive his rights to trial by jury and all rights attached thereto;

   b. to enter a voluntary plea of guilty to Count One of the Information which charges him with being an unlawful user of a controlled substance in possession of a firearm in violation of 18 U.S.C. § 922(g)(3);

   c. to waive his right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as the sentence of imprisonment is within or below the applicable guideline range as determined by the Court after resolution of any disputed sentencing issues;

d. to waive, except with respect to claims of ineffective assistance of counsel or prosecutorial misconduct, his rights to challenge the voluntariness of his guilty plea either on direct appeal, or in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255;

e. to waive, pursuant to 8 U.S.C. § 1228(c)(5), his rights to notice and hearing regarding the intent of the UNITED STATES to seek removal;

f. to stipulate, pursuant to 8 U.S.C. § 1228(c)(5), to the entry of a judicial order of removal from the United States;

g. to pay the mandatory $100 special assessment imposed pursuant to 18 U.S.C. § 3102 to the United States District Court Clerk no later than upon imposition of the sentence;

h. to present a Form I-210 to the United States Embassy in his country of citizenship no later than 60 days after entry of judgment in this case;

i. that he is satisfied with his attorney's representation; and

j. that he is pleading guilty freely and voluntarily, after having consulted with counsel, and because he is guilty.

2. The UNITED STATES agrees:

a. that MARCO SABILLON URBINA receive the maximum applicable reduction for acceptance of responsibility provided that he complies with all of his obligations under the terms of this Plea Agreement,

b. to not oppose a custodial sentence of time-served,

c. to dismiss with prejudice at the sentencing hearing in this case the Indictment in 22-cr-20217-SHL, and

d. to not bring additional charges for conduct known to the government at this time.

3. MARCO SABILLON URBINA recognizes that his guilty plea will have consequences with respect to his immigration status in the United States. He understands that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction on his ability to immigrate to the United States at any time in the future. MARCO SABILLON URBINA affirms that he has discussed the consequences of his guilty plea with his defense attorney and that he wants to plead guilty regardless of the immigration consequences, even if those consequences include permanent exclusion from the United States.

4. MARCO SABILLON URBINA further understands and acknowledges that:

a. except with respect to the agreement by the UNITED STATES to not oppose a custodial sentence of time-served, he has not been promised a specific sentence and he will not be afforded an opportunity to withdraw his plea if the Court rejects his request for a time-served sentence and imposes a sentence greater than he expects;

b. the statutory maximum penalties for the offense alleged in Count One are a term of imprisonment of not more than 10 years, a fine of not more than $250,000, a period of supervised release of not more than three years, and a special assessment of $100;

c. if his plea of guilty is accepted and he later attempts to withdraw his plea, such attempt will be in breach of this Plea Agreement, and regardless of whether any such attempt is successful, the UNITED STATES will be relieved of all obligations and restrictions imposed by the terms of this Plea Agreement; and

d. if he engages in any criminal conduct following the entry of his guilty plea, he will be in breach of this Plea Agreement and the UNITED STATES will be relieved of all obligations and restrictions imposed by its terms.

5. The UNITED STATES acknowledges that the intent of this Plea Agreement is such that after entry of the judicial order of removal issued pursuant to 8 U.S.C. § 1228(c)(5), MARCO SABILLON URBINA will voluntarily depart the United States and comply with the verification of departure requirement as set out in Paragraph 1.h. of the Plea Agreement.

6. Further, the undersigned Assistant United States Attorney represents that he has spoken to Department of Homeland Security officials, and it is the understanding of the parties that for the time period set out in Paragraph 1.h. of the Plea Agreement, neither the Department of Homeland Security, nor any subagency thereof, shall detain MARCO SABILLON URBINA, unless he violates another local, state, or federal law or ordinance.

7. This Plea Agreement constitutes the entire agreement between the parties.

FOR THE UNITED STATES:
KEVIN G. RITZ
UNITED STATES ATTORNEY

SCOTT P. SMITH
Assistant United States Attorney

Mar. 1, 2023
Date

LESLIE I. BALLIN
Attorney for Defendant

3-1-23
Date

ADRIAN VIVAR-ALCALDE
Attorney for Defendant

03/01/2023
Date

MARCO SABILLON URBINA
Defendant

3-1-23
Date